UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7813 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RINGFREE USA CORP; ET AL. v. RINGFREE COMPANY, LTD; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Jeffrey Lowe John Baik | Bub-Joo Lee | |

**Proceedings:** **PLAINTIFFS' MOTION TO ENTER A DECREE OF SPECIFIC PERFORMANCE** (filed 09/25/08)

## I.   INTRODUCTION

This case was tried to a jury on August 19-22, 26-28, 2008. On August 28, 2008, the jury found for plaintiffs, Ringfree USA Corporation and Ringfree International Corporation ("Ringfree International"), on their first claim against defendants Ringfree Company, Limited ("Ringfree Korea"), a corporation organized and existing under the laws of the Republic of Korea with its principal place of business in the Seoul region thereof, and Hyoung Chan Rhee ("Rhee"), Ringfree Korea's chief executive officer, for breach of the parties' Memorandum of Agreement ("MOA") and Exclusive License Agreement ("License Agreement"). On September 25, 2008, plaintiffs filed in the instant motion to enter judgment of specific performance against defendants and for attorneys' fees. On October 6, 2008, defendants filed their opposition. Plaintiffs filed their reply on October 15, 2008. On October 20, 2008, the Court held a hearing. The Court finds and concludes as follows.

## II.   DISCUSSION

### A.   Specific Performance

In California, the availability of the remedy of specific performance is premised upon well established requisites:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7813 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RINGFREE USA CORP; ET AL. v. RINGFREE COMPANY, LTD; ET AL. | | |

A showing by plaintiff of (1) the inadequacy of his legal remedy; (2) an underlying contract that is both reasonable and supported by adequate consideration; (3) the existence of a mutuality of remedies; (4) contractual terms which are sufficiently definite to enable the court to know what it is to enforce; and (5) a substantial similarity of the requested performance to that promised in the contract.

Tamarind Lithography Workshop, Inc. v. Sanders, 143 Cal. App. 3d 571, 575 (1983). However, specific performance may not be enforced against a party to a contract in any of the following cases:

   1. If he has not received an adequate consideration for the contract;

   2. If it is not, as to him, just and reasonable;

   3. If his assent was obtained by the misrepresentation, concealment, circumvention, or unfair practices of any party to whom performance would become due under the contract, or by any promise of such party which has not been substantially fulfilled; or,

   4. If his assent was given under the influence of mistake, misapprehension, or surprise, except that where the contract provides for compensation in case of mistake, a mistake within the scope of such provision may be compensated for, and the contract specifically enforced in other respects, if proper to be so enforced.

Cal.Civ.Code § 3391.

   Plaintiffs argue that their first claim for breach of contract "alleges the elements for the remedy of specific performance" and that their prayer for relief includes specific performance. Mot. at 3. Plaintiffs further argue that their contract with defendants to assign patent rights is capable of specific performance. Id. (citing Hercules Glue Co. v. Littooy, 25 Cal. App. 2d. 182, 186 (1938); Goodyear Tire & Rubber Co. v. Miller, 22 F. 2d 353, 355 (1927)). Therefore, plaintiffs contend that the jury's finding that defendants breached the contract entitles them to specific performance of the contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7813 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RINGFREE USA CORP; ET AL. v. RINGFREE COMPANY, LTD; ET AL. | | |

    Defendants argue that the MOA is unlawful and void under Korean law and therefore defendant Ringfree Korea, a Korean corporation, "has no power to lawfully perform the obligations set forth in a void contract."[1] Id. at 1, 3 (citing Cal. Civ. Code § 3390(3) ("The following obligations cannot be specifically enforced: ... (3) An agreement to perform an act which the party has no power lawfully to perform when required to do so")).

    Defendants further argue that "a Korean court would not enforce the specific performance order under these circumstances, and for this reason the Court should deny the request for specific performance." Id. (citing Time Inc v. T.I.M.E. Inc., 123 F. Supp. 446, 457 (S.D. Cal. 1954) ("The age-old policy of courts of equity argues always against the issuance of any unenforceable or otherwise ineffectual decree")). Defendants argue that, under Korean law, the MOA and other instruments purporting to convey defendant's patent rights required approval at a general meeting of shareholders and authorization by special resolution, pursuant to Article 374.11 of the Korean Commercial Code and rulings of the Korean Supreme Court. Id. at 3. Defendants further argue that Ringfree Korea's shareholders never consented to the MOA, and it is therefore invalid and unenforceable under Korean law. Id. at 4. Moreover, defendants contend that a Korean court has already found the MOA invalid and unenforceable. Defendants argue that plaintiff Ringfree International filed an action in Korea against Ringfree Korea, seeking to enjoin the transfer of Ringfree Korea's patents to a third party ("the Suwon Action"). In the Suwon Action, defendants contend, the Court denied plaintiff's request for injunctive relief and held that the MOA was invalid under Korean law, pursuant to Article 374.11 of the Korean Commercial Code. Id. at 4 (citing Rhee Decl. ¶ 9). Defendants argue that, as citizens of Korea, they do not have the power to lawfully

---

[1] At oral argument, counsel for defendants argued for the first time that ordering specific performance will require Rhee to violate Korean law and face civil and criminal liability. Defendants have not provided adequate evidence to show that an order of specific performance would required Rhee to violate Korean law. Furthermore, the obligation of this Court is to construe a contract with a California choice of law provision in accordance with California law. To the extent that defendants are seeking an order determining that the MOA violates Korean law, that determination should be made and enforced by a Korean court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7813 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RINGFREE USA CORP; ET AL. v. RINGFREE COMPANY, LTD; ET AL. | | |

perform the MOA and the Court does not have power to enforce the MOA in Korea in contravention of Korean law. Opp'n at 4-5.

Furthermore, defendants contend that, with respect to the MOA, they did not receive adequate consideration, plaintiffs have not fully performed all conditions precedent to performance by defendants, their assent was obtained by promises that have not been substantially fulfilled, and the MOA is not just and reasonable. Id. at 1-2 (citing Cal Civ. Code §§ 3391(1)-(3), 3392 (2)-(3)). Defendants argue that plaintiffs "induced" Rhee to execute the MOA by promising to pay consideration of "1,000 Million Korean Won" and then failing to pay that amount. Id. at 5 (citing Rhee Decl. ¶¶ 4-7, 10-12, 13-22). As a result of their failure to pay, defendants contend, plaintiffs are not entitled to specific performance because defendants have not received adequate consideration and plaintiffs have not fully and fairly performed their obligations under the contract. Id. at 6-7.

Defendants further argue that their assent was "(a) obtained by misrepresentation, concealment, circumventions, and unfair practices of Plaintiffs, and (b) given under the influence of mistake, misapprehension or surprise." Id. at 2 (citing Cal. Civ. Code §§ 3391(3)-(4)). Defendants contend that the MOA was "thrust upon" Rhee and that the execution of the MOA "occurred over the course of barely two (2) days, during which time Rhee was jet lagged and had no access to independent translators, attorneys, or bilingual business advisors of his own." Id. at 8 (citing Rhee Decl. ¶ 2). Defendants further contend that Rhee told plaintiffs prior to the execution of the MOA that he did not believe it was a binding agreement and that plaintiffs agreed with him. Id. (citing Rhee Decl. ¶¶ 7-8). Furthermore, defendants argue that Rhee only signed the MOA after plaintiffs represented that they would provide defendants with the "financial means to 'buy out' or 'cash out' the remaining shareholders of Ringfree Korea, so that the consent of shareholders ordinarily required under Korean law could be vitiated." Id. (citing Rhee Decl. ¶¶ 18-20). Defendants contend that "[s]pecific performance is governed by equitable principles, and inequitable conduct by Plaintiffs is sufficient to defeat their request for specific performance."[2] Id. at 9.

---

[2] At oral argument, defense counsel argued that plaintiffs waived their right to specific performance at trial. However, throughout this litigation plaintiffs have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7813 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RINGFREE USA CORP; ET AL. v. RINGFREE COMPANY, LTD; ET AL. | | |

    Plaintiffs respond that defendants are "attempting to re-litigate the entire case through their opposition to the instant motion." Reply at 1. Plaintiffs argue that the Court has already ruled on the parole evidence regarding plaintiffs' alleged promise to pay 1 billion Korean Won to Rhee and that the jury has decided that Rhee was authorized to execute the MOA. Id. at 2. Moreover, plaintiffs contend that defendants' expert testified in this Court on August 8, 2008, that Korean judicial orders "are not res judicata and have no effect on future actions between the parties." Plaintiffs further contend that the "purported Korean judicial orders attached to Defendants' declarations are not properly authenticated and at least one order is not even translated." Id. at 2. Plaintiffs argue that they are requesting a "United States Federal Court judgment for specific performance" and what they "decide to do with it after the judgment is issued is simply irrelevant to the Court's analysis and no business of Defendants." Id. at 3.

    The Court concludes that plaintiffs are entitled to specific performance of the contract. The MOA contains a choice of law provision indicating that all disputes will be governed by California law. MOA ¶ 22. Contracts to assign patent rights are specifically enforceable in California. Hercules, 25 Cal. App. 2d at 186 ("Equity will specifically enforce the performance of a contract to convey patent rights"). Furthermore, all of defendants' arguments relating to the validity of the MOA were raised at trial and the jury found that defendants breached the MOA.[3] Therefore, defendants' arguments that the

---

maintained that they are seeking specific performance. Pl.'s Memo of Fact and Law at 23 ("Plaintiffs' complaint seeks the equitable remedy of specific performance. Such a remedy is an issue for the Court, not the jury, to decide.")

    [3] The jury explicitly or implicitly rejected all of defendants' arguments regarding the validity of the MOA in its verdict on plaintiffs' breach of contract claim:

    1. Did plaintiff RINGFREE USA CORPORATION and defendant RINGFREE COMPANY, LTD. enter into a contract?

    Yes

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7813 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RINGFREE USA CORP; ET AL. v. RINGFREE COMPANY, LTD; ET AL. | | |

MOA cannot be specifically enforced, pursuant to Cal. Civ. Code §§ 3391 and 3392, because they did not receive adequate consideration, plaintiffs have not fully performed all conditions precedent to performance by defendants, their assent was obtained by promises that have not been substantially fulfilled, and the MOA is not just and reasonable, ignores the jury's express and implied findings.[4]  Furthermore, defendants argument that the MOA cannot be specifically performed, pursuant to Cal. Civ. Code § 3390, because it was deemed invalid in the Suwon Action is not persuasive because it was demonstrated at trial that the judgment in the Suwon Action has no res judicata effect. Therefore, defendants have not demonstrated that a specific performance judgment would be "unenforceable or otherwise ineffectual." Time, 123 F. Supp. at 457.

---

[3](...continued)
2. Did plaintiff RINGFREE USA CORPORATION do all, or substantially all of the significant things that the contract required them to do?

Yes

4. Did defendant RINGFREE COMPANY, LTD. fail to do something that the contract required it to do?

Yes

5. Was plaintiff RINGFREE USA CORPORATION harmed by that failure?

Yes

Special Jury Verdict Forms at 2-3.

[4] At oral argument, defense counsel argued that the Court should consider parol evidence in deciding whether plaintiffs have fulfilled all the conditions precedent to defendants' performance under the contract and whether consideration was adequate. The Court previously ruled that the MOA was fully integrated agreement and excluded all parole evidence.  The Court declines to consider evidence of terms that are not part of the contract.  The proper question is whether consideration under the present contract is adequate consideration.  The Court finds that it is adequate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7813 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RINGFREE USA CORP; ET AL. v. RINGFREE COMPANY, LTD; ET AL. | | |

**B.  Attorneys' Fees**

Plaintiffs also request attorneys' fees "as provided for in the contract for this action."  Mot. at 5.  Defendants argue that plaintiffs are not entitled to attorneys' fees because a request for attorneys' fees "must stand on its own, and be separately sought, and fees may not be awarded as relief incidental to a grant of specific performance."  Mot. at 10.  Plaintiffs respond that they "request that the court make provisions in the ultimate judgment for Plaintiffs to recover attorney's fees according to proof."  Reply at 3.  The Court concludes that plaintiffs are entitled to an award of reasonable attorneys' fees and costs, the amount of which will be determined after a motion for attorneys' fees is fully briefed and argued.

**III.  CONCLUSION**

In accordance with the foregoing, the Court GRANTS plaintiffs' motion to enter a decree of specific performance, and awards plaintiffs reasonable attorneys' fees and costs.

IT IS SO ORDERED.

|  | 00 : 09 |
|---|---|
| Initials of Preparer | CMJ |